UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY LYNN DEGRAZIA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:20-cv-01370-BLM<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**<br><br>**[ECF No. 24]** |

Currently before the Court is Plaintiff's June 13, 2022 Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. ECF No. 24. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## PROCEDURAL BACKGROUND

On July 17, 2020, Plaintiff filed a complaint in this matter seeking judicial review of the denial of her applications for "Social Security Disability Insurance and Supplemental Security Income benefits for lack of disability." ECF No. 1.

On March 11, 2022, the Court issued an Order Granting the parties Joint Motion for Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and Entry of Judgment. ECF Nos. 20-21.

On June 13, 2022, Plaintiff filed a Motion for Attorney's Fees Pursuant to the Equal Access

to Justice Act, 28 U.S.C. § 2412.  ECF No. 24.  Plaintiff seeks attorney's fees and expenses in the amount of $8647.21 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412(d).  Id.  On June 15, 2022, the Court issued a briefing schedule ordering Defendant to file any opposition in response to Plaintiff's motion by June 27, 2022.  ECF No. 25.  The Court later granted the parties' request to continue that deadline to July 6, 2022.  ECF Nos. 26-27.  On July 6, 2022, Defendant filed a Response to Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act.  ECF No. 28.  The response was a "statement of non-opposition to Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (ECF No. 24)."  Id. at 1.

## **LEGAL STANDARD**

The EAJA allows a prevailing party to seek attorney's fees from the United States within thirty days of final judgment.  28 U.S.C. § 2412(d).  "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal."  Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002).  If one of the parties is the United States, either party may file a notice of appeal within sixty days of the order appealed from.  See Fed. R. App. 4(a)(1)(B).  "A plaintiff who obtains a sentence four remand is considered a prevailing party for attorneys' fees."  Akopyan, 296 F.3d at 854. Section 2412(d)(1)(B) requires that a party's request for an award of fees include "an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed."  Section 2412(d)(2)(A) states:

> "[F]ees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the

proceedings involved, justifies a higher fee.).

28 U.S.C.A. § 2412(d)(2)(A).

## ANALYSIS

Plaintiff argues that she is entitled to an award under the EAJA because she is the prevailing party, Judge Major remanded this case pursuant to sentence four, she is an individual whose net worth did not exceed two million dollars when the action was filed, the judgment that was entered on March 14, 2022 has not been appealed, and the position of the United States in this litigation was not substantially justified. ECF No. 24 at 7. Plaintiff notes that there "are no special circumstances in this case which make an award under the EAJA unjust." Id. at 2-3. Defendant does not oppose the motion. ECF No. 28. Based upon Plaintiff's evidence and argument and Defendant's lack of opposition, the Court finds that Plaintiff is the prevailing party in this action, that Plaintiff's motion for attorney's fees and expenses is timely, that the position of the United States was not substantially justified, and that there are no special circumstances that make an award under the EAJA unjust.

The remaining issue is the reasonableness of the requested fees and expenses. Because Defendant did not oppose the motion, the Court finds that Defendant agrees with the reasonableness of the requested fees and expenses. See ECF No. 28.

With regard to the requested fees, Plaintiff identified the attorneys who worked on the case, Dolly M. Trompeter and Jonathan O. Peña. ECF No. 24-1, Declaration of Dolly M. Trompeter ("Trompeter Decl.") at ¶ 2. Ms. Trompeter declares that there "was no duplicative billing for work performed" and that because no one at the law firm was the attorney of record for Plaintiff's administrative proceedings, Plaintiff's counsel was "required to familiarize themselves with the record, including the extensive hearing testimony in order to draft a 27 page brief." Id. Plaintiff describes the work as follows:

| Date | Subject | Hours |
|---|---|---|
| 2/3/22 | Preliminary review of case: ALJ, Transcript, Appeals Council decision and entire | 3.75 |

| | | | |
|---|---|---|---|
| | | administrative file w/medical records outline arguments | |
| | 2/5/22 | Summarize medical extensive medical/educational records | 3.5 |
| | 2/5/22 | Summarize procedural history and extensive 8hearing testimony at issue | 4.0 |
| | 2/5/22 | Detail TP Dr. Salva's report and ALJ's rejection of Dr. Salva's report and in relation to ALJ's mischaracterization of the TP Report | 3.0 |
| | 2/6/22 | Arguments in support of finding that Dr. Salva was referencing "sheltered work" and incorporate FDC research on Sheltered Work | 2.25 |
| | 2/6/22 | Detail arguments re: ALJ's rejection of Dr. Salva MSS as containing internal inconsistencies | 1.75 |
| | 2/6/22 | Detail portions of MSS from TP that ALJ fails to address and corresponding evidence of record supporting TP MSS regarding inability to function independently | 3.75 |
| | 2/6/22 | Detail "abnormal" MSE findings mischaracterized by ALJ as "otherwise normal" And relate case law regarding ALJ's material mischaracterizations of MSE findings. | 2.25 |
| | 2/6/22 | Begin to detail Dr. Cox TP opinion and relate consistency with of Dr. Salva's Opinions despite ALJ's cherry-picked rejection of Dr. Cox MSS in relation of Adaptive functioning testing results | 2.25 |
| | 2/7/22 | Detail Dr. Filizetti's findings related to CL poor adaptive functioning limitations which | 3.0 |

| | | |
|---|---|---|
| | correspond with the other TP MSS | |
| 2/7/22 | Detail ALJ's rejection of CL testimony and argue ALJ harmfully erred by failing to consider CL testimony in context with relevant aspects of her caretaker mother's testimony resulting in ALJ's harmfully mischaracterizations of ADLs to imply a greater degree of functioning than actually alleged. | 4.75 |
| 2/7/22 | Check citations and finalize brief | 1.75 |
| 6/13/22 | Draft Declaration/Itemization of Time for EAJA | 1.75 |
| 6/13/22 | Draft Motion for EAJA | 2.0 |

Id.

In light of the descriptions provided, the fact that courts typically find that twenty to forty hours is reasonable in social security cases[1], and Defendant's lack of objection to Plaintiff's request for 39.75 hours, the Court finds that Plaintiff's request is reasonable.

With respect to Plaintiff's hourly rate, Plaintiff's request is also reasonable. Plaintiff is requesting $217.54 per hour for 39.75 hours of attorney time in 2022, totaling $8647.21. Trompeter Decl. The attorney hourly rates are less than the statutorily authorized rates and

---

[1] See Dana F. v. Kijakazi, 2022 WL 542881, at *3 (S.D. Cal., Feb. 23, 2022) (finding 40 hours billed by Plaintiff's counsel to be reasonable) (citing Costa v. Comm'r of SSA, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); Chavez v. Colvin, 2014 WL 4284791, at *1 (D. Ariz. Aug. 29, 2014) (finding 39 hours billed by plaintiff's counsel a reasonable number of hours); Stearns v. Colvin, 2016 WL 730301, at *5 (W.D. Wash. Feb. 24, 2016) (collecting cases to establish that the typical number of hours reported for counsel in a social security case ranged from 18-40 hours); Guzman v. Comm'r of Soc. Sec., 2021 WL 2534462, at *4 (E.D. Cal. June 21, 2021) (finding a total of 38 hours for counsel spent prosecuting the Social Security appeal to be reasonable in a case where, as here, the parties agreed to a sentence-four remand).

therefore reasonable.[2]

For the reasons set forth above and considering Defendant's lack of opposition, the Court finds that the requested fees and expenses are reasonable and therefore **GRANTS** the motion and **AWARDS** Plaintiff attorneys' fees and expenses in the amount of $8647.21, subject to the terms of Plaintiff's motion [see ECF No. 24]. Fees will be made payable to Amy Lynn DeGrazia, but if the Department of the Treasury determines that Amy Lynn DeGrazia does not owe a federal debt, then the government will cause the payment of fees, expenses, and costs to be made directly to Pena and Bromberg, 2440 Tulare Street, Suite 320, Fresno, CA 93721, pursuant to the assignment executed by Amy Lynn DeGrazia [see ECF No. 24-2]. See ECF No. 24 at 6.

**IT IS SO ORDERED**.

Dated: 7/25/2022

Hon. Barbara L. Major
United States Magistrate Judge

---

[2] See https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ ("Statutory Maximum Rates Under the Equal Access to Justice. Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(2)(A), Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the applicable statutory maximum hourly rates under EAJA, adjusted for increases in the cost of living, are as follows: For work performed in: First Half 2022: $231.49 [and] 2021: $217.54…").